John J. Hughes, State Bar No. 96481
LAW OFFICES OF JOHN J. HUGHES
Number One Cathedral Hill Tower
1200 Gough Street
San Francisco, CA 94109
Telephone: (415) 928-4200
Facsimile: (415) 928-4264
Email: sealawyer@sbcglobal.net
Attorney for Plaintiff
Reachell Armstrong

ORIGINAL FILED
AUG 22 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JCS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REACHELL ARMSTRONG,<br><br>Plaintiff,<br><br>- vs -<br><br>AMERICAN SHIP MANAGEMENT, LLC, and DOES I through V, inclusive,<br><br>Defendants. | CASE NO: C 07 4345<br><br>COMPLAINT FOR DAMAGES BY MERCHANT SEAMAN FOR MARITIME PERSONAL INJURY; MAINTENANCE AND CURE<br><br>**JURY TRIAL DEMAND**<br><br>**CERTIFICATE OF INTERESTED PERSONS** |

THIS IS AN ACTION UNDER THE SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF FEES.
(28 U.S.C. Sec. 1916)

PLAINTIFF alleges:

### JURISDICTIONAL STATEMENT

1. The Complaint of REACHELL ARMSTRONG is a case of admiralty and maritime jurisdiction and is brought and maintained in personam and at law as a claim pendant to and pursuant to the provisions of Section 33 of the Merchant Marine Act of June 5, 1920, as amended (46 U.S.C. Sec. 30104) commonly known as the Jones Act, and under the general maritime law to the extent each is applicable.

### INTRA-DISTRICT ASSIGNMENT

2. The complaint alleges injuries which occurred aboard ship on the high seas. There are no factors concerning intra-district assignment as set forth in Local Rule 3-2(c) applicable to this action.

## VENUE

3. Venue under the Jones Act, 46 U.S.C. App. Sec. 688, is proper in the district in which Plaintiff's employer resides or in which its principal office is located. Plaintiff is informed and believes that her employer, AMERICAN SHIP MANAGEMENT, LLC, resides in and maintains its principal place of business within the Northern District of California

## GENERAL ALLEGATIONS

4. Plaintiff is ignorant of the true names and capacities of defendants herein sued as DOE I through DOE V, inclusive, but plaintiff alleges that each such defendant is in some manner liable for the injuries and damages suffered by plaintiff and will ask leave to amend this complaint once the true names and capacities have been ascertained.

5. Plaintiff is informed and believes and on that ground alleges that at all times herein mentioned defendant, AMERICAN SHIP MANAGEMENT, LLC, was and is limited liability company organized and existing under the laws of the State of California with a principal place of business in the Northern District of California.

6. Plaintiff is informed and believes and thereon alleges that during all times herein mentioned, defendants and each of them were the agents of each of the other defendants, and were acting within the scope of said agency in doing the things herein alleged.

7. Plaintiff is informed and believes and on that ground alleges that during all times herein mentioned defendants AMERICAN SHIP MANAGEMENT, LLC and DOES I through V were and are the owners and operators of the vessel SS PRESIDENT GRANT and that same was used to engage in commerce on the high seas and navigable waters of the United States.

8. At the times herein mentioned, plaintiff was employed aboard the vessel SS PRESIDENT GRANT by defendants AMERICAN SHIP MANAGEMENT, LLC and DOES IV and V as a merchant seaman.

9. On or about August 25, 2004, while employed aboard SS PRESIDENT GRANT, plaintiff suffered an injury to her left knee and plaintiff alleges said injury has resulted in some degree of continuing disability.

///

## AS AND FOR HER FIRST CAUSE OF ACTION
## UNSEAWORTHINESS

10. Plaintiff realleges and incorporates herein by reference each and every allegation of her General Allegations above stated with the same force and effect as if the same were again set forth in full.

11. Plaintiff is informed and believes and on that ground alleges that on or about August 25, 2004 and prior thereto, the aforementioned SS PRESIDENT GRANT, its hull, decks, machinery, reefer spaces, appliances, equipment and appurtenances were in a dangerous, unsafe and unseaworthy condition, and there were not sufficient and/or competent master, officers and crew members to perform the work aboard said vessel, including but not limited to the work performed by plaintiff at the time of her injury, so that as a direct and legal result thereof, plaintiff suffered the injuries hereinafter complained of.

12. By reason of the unseaworthiness of said vessel, plaintiff was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on that ground alleges, that these injuries will result in some permanent disability to plaintiff, all to her general damage in a sum to be proved at trial.

13. As a further legal result of the unseaworthiness of said vessel, plaintiff was required to and did employ physicians and surgeons to examine, treat and care for her, and incurred medical and incidental expenses, and will in the future incur medical and incidental expenses. The exact amount of such expenses is unknown to plaintiff and plaintiff will ask leave to amend this pleading to set it forth when it is ascertained.

14. As a further legal result of the unseaworthiness of said vessel, plaintiff was and will be prevented from attending to her usual occupation and thereby has lost earnings and benefits, and will lose future earnings and benefits and earning capacity. The amount of these earnings losses is not yet fully known to plaintiff and plaintiff will amend this complaint to state these amounts when they are ascertained or proved.

///

## AS AND FOR HER SECOND CAUSE OF ACTION
## NEGLIGENCE

15. Plaintiff realleges and incorporates by reference each and every allegation of her General Allegations and her First Cause of Action above stated with the same force and effect as if the same were again set forth in full.

16. At the times and places set forth above, plaintiff was injured as the direct and legal result of the negligence and carelessness of the defendants AMERICAN SHIP MANAGEMENT, LLC and DOES IV and V and each of them in that said defendants failed and neglected to provide plaintiff with a reasonably safe place to work, and as a result, she suffered permanent and severe injuries and damages as herein alleged.

17. Plaintiff is informed and believes and on that ground alleges that defendants and each of them failed and neglected to exercise reasonable care to provide plaintiff with reasonably safe, proper and seaworthy vessel, hull, decks, machinery, reefer spaces, appliances, equipment and appurtenances aboard the aforementioned vessel and where plaintiff was working, and as a result, she suffered permanent and severe injuries and damages as herein alleged.

18. Plaintiff is informed and believes and on that ground alleges that defendants AMERICAN SHIP MANAGEMENT, LLC and DOES IV and V and each of them failed to exercise reasonable care to employ competent and sufficient master, officers and crew and to assign competent and sufficient personnel to the work being performed, and to properly supervise the work being performed, and as a result, she suffered permanent and severe injuries and damages as herein alleged.

19. Plaintiff is informed and believes and on that ground alleges that defendants AMERICAN SHIP MANAGEMENT, LLC and DOES IV and V and each of them, having knowledge of the aforementioned conditions, being fully able to correct said conditions and further, having the duty, authority and power to correct said conditions, failed, neglected and refused to take any steps to remove the dangerous, defective and hazardous conditions which were known to said defendants but unknown to plaintiff, all of which directly and legally caused plaintiff's injuries as aforesaid; and further, said defendants, having knowledge of said conditions, failed, neglected and refused to warn plaintiff of the known hazards which resulted in plaintiff's injuries and damages as herein alleged.

///

## AS AND FOR HER THIRD CAUSE OF ACTION
## MAINTENANCE AND CURE

20. Plaintiff realleges and incorporates by reference each and every allegation of her General Allegations and First and Second Causes of Action with the same force and effect as if the same were again set forth in full.

21. By reason of the premises, plaintiff is entitled to maintenance, care and cure so long as she shall be disabled and unable to work by reason of the said injuries, and to wages for the duration of the voyage or contractual period during which said injuries occurred.

**WHEREFORE**, plaintiff prays judgment against the defendants as follows:

1. General damages according to proof;

2. Special damages as herein alleged according to proof;

3. Maintenance and cure;

4. The costs of suit incurred herein;

5. Prejudgment interest; and

6. For such other and further relief as to the court seems proper.

Dated: August 17, 2007

LAW OFFICES OF JOHN J. HUGHES

By: _____
John J. Hughes

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury.

Dated: August 17, 2007

LAW OFFICES OF JOHN J. HUGHES

By: _____
John J. Hughes

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

1  parties, there is no such interest to report.

2  Dated: August 5, 2007

                                    LAW OFFICES OF JOHN J. HUGHES

                                    By: _____
                                            John J. Hughes