1  LAW OFFICE OF DENISE SAVOIE BLOCKER
   DENISE SAVOIE BLOCKER (STATE BAR NO. 124155)
2  150 Willowbrook Drive
   Portola Valley, California 94028
3  Telephone:  (650) 851-7123
   Facsimile: (650) 851-3127
4  Email:  dsblocker@sbcglobal.net
5  Attorney for Defendant
   American Ship Management, LLC
6

7

8              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11  REACHELL ARMSTRONG,                No. C-07-4345 JCS

12            Plaintiff,               ANSWER OF DEFENDANT AMERICAN
                                       SHIP MANAGEMENT, LLC TO
13       v.                            PLAINTIFF'S COMPLAINT

14  AMERICAN SHIP MANAGEMENT, LLC,     JURY TRIAL DEMAND
15  and DOES I through V, inclusive,
                                       CERTIFICATE OF INTERESTED
16          Defendants.                PERSONS

17

18       Pursuant to Federal Rule of Civil Procedure 12, Defendant American Ship

19  Management, LLC (hereinafter, "ASM") hereby appears and answers the Complaint of the

20  plaintiff herein as follows:

21       1.  Paragraph one of the Complaint contains no charging allegations against ASM,

22  and therefore requires no response.

23       2.  Paragraph two of the Complaint contains no charging allegations against ASM,

24  and therefore requires no response.

25

26

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT
No. C-07-4345 JCS

3. ASM admits that it is doing business in this district. The remaining allegations of Paragraph three of the Complaint contains no charging allegations against ASM, and therefore requires no response.

4. Paragraph four of the Complaint contains no charging allegations against ASM, and therefore requires no response. To the extent any response is required from ASM, ASM denies the allegations of this paragraph.

5. ASM admits that at all times pertinent, it was and continues to be a corporation organized and existing under the laws of the State of California, with its principal place of business in Contra Costa County, California.

6. ASM is the only defendant named in the Complaint. ASM therefore denies each and every allegation of paragraph six of the Complaint.

7. ASM admits that at all times material hereto, it was the bareboat charterer of the vessel, M/V PRESIDENT GRANT (hereinafter, "the vessel"), and that it used said vessel in the transportation of cargo for hire upon the navigable waters of the United States and on the high seas, in interstate and foreign commerce. Except as specifically admitted, ASM denies the remaining allegations of Paragraph seven of the Complaint.

8. ASM admits that at the times mentioned in the Complaint, plaintiff was employed by ASM aboard the vessel. ASM denies any remaining allegations of paragraph eight of the Complaint.

9. ASM denies each and every allegation contained in paragraph nine of the Complaint.

10. ASM realleges and incorporates by reference each and every response to paragraphs one through nine stated above with the same force and effect as if the same were again set forth in full here.

11. ASM denies each and every allegation contained in paragraph eleven of the Complaint.

12. ASM denies each and every allegation contained in paragraph twelve of the Complaint.

13. ASM denies each and every allegation contained in paragraph thirteen of the Complaint.

14. ASM denies each and every allegation contained in paragraph fourteen of the Complaint.

15. ASM realleges and incorporates by reference each and every response to paragraphs one through fourteen stated above with the same force and effect as if the same were again set forth in full here.

16. ASM denies each and every allegation contained in paragraph sixteen of the Complaint.

17. ASM denies each and every allegation contained in paragraph seventeen of the Complaint.

18. ASM denies each and every allegation contained in paragraph eighteen of the Complaint.

19. ASM denies each and every allegation contained in paragraph nineteen of the Complaint.

20. ASM realleges and incorporates by reference each and every response to paragraphs one through nineteen stated above with the same force and effect as if the same were again set forth in full here.

21. ASM denies each and every allegation contained in paragraph twenty-one of the Complaint.

AFFIRMATIVE DEFENSES TO COMPLAINT

As separate and affirmative defenses to each cause of action of the Complaint, Defendant ASM alleges:

1    AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

2  THE  COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

3  ASM alleges that neither the complaint, nor any of its alleged causes of action, states facts

4  sufficient to constitute a cause of action for which relief may be afforded as against ASM.

5    AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

6  THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

7  ASM alleges that the injuries and damages, if any, of which plaintiff complains were directly and

8  proximately caused solely by her own willful misconduct, recklessness, carelessness, negligence,

9  breach of her primary duty, or other fault.  Plaintiff is, therefore, barred from recovery herein.

10    AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

11  THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

12  ASM alleges plaintiff was herself comparatively at fault in bringing about her injuries and

13  damages as alleged herein, if any there were, and ASM prays that any and all damages sustained

14  by plaintiff be proportionately reduced by the percentage of her own comparative fault.

15    AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

16  THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

17  ASM alleges that the injuries and damages complained of, if any there were, were proximately

18  caused by or contributed to, in whole or in part, by the carelessness, negligence, fault or actions

19  of the remaining parties in this action, or by other persons, corporations or business entities, and

20  were not caused in any way by ASM, or by persons or entities for whom ASM is legally liable.

21    Should ASM be found liable to plaintiff, which liability is expressly denied, ASM

22  is entitled to have any award against it rebated, reduced, or eliminated to the extent that the

23  carelessness, negligence, fault or actions of the remaining parties to these proceedings, or of

24  other persons, corporations or business entities, caused and/or contributed to plaintiff's damages,

25  if any.

26

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT
No. C-07-4345 JCS

1    AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

2    THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

3    ASM alleges that plaintiff's claims are barred by the applicable statutes of limitations and/or the

4    doctrine of laches.

5    AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

6    THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

7    ASM alleges that plaintiff has failed to mitigate her damages, if any.

8    AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

9    TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

10    ASM alleges that plaintiff knew, or in the exercise of ordinary care should have known, and

11    therefore had full and complete knowledge of the inherent risks and dangers involved in the

12    activities undertaken in which she was engaged, but plaintiff nevertheless and with full

13    knowledge of these things, did fully and voluntarily consent to assume the risks and hazards

14    involved in the activities undertaken, and the alleged accident, injuries and damages, if any, were

15    proximately caused by plaintiff's implied agreement to voluntarily assume the risk of a known

16    danger.  The risk encountered by the plaintiff was one inherent in the activity the plaintiff

17    performed and was therefore a reasonable risk undertaken by the plaintiff.  Thus, plaintiff's

18    reasonable implied assumption of the risk acts as a complete bar to her recovery.

19    AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

20    THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

21    ASM alleges that the injuries and damages, if any, of which Plaintiff complains, were caused by

22    plaintiff's preexisting condition(s), for which ASM is not responsible.

23    AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

24    THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, if

25    the trier of fact finds that ASM is not liable for the damages or injuries alleged by plaintiff, ASM

26

1  requests reimbursement from the plaintiff and/or other parties herein of maintenance and cure

2  payments made.

3           AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO

4  THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

5  ASM alleges that the plaintiff's claims are barred by the applicable doctrines of waiver, unclean

6  hands, and/or estoppel.

7           AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

8  TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF,

9  ASM alleges that plaintiff has been compensated in whole or in part for the damages she alleges

10  in her Complaint.  Plaintiff's damages should therefore be reduced pursuant to the doctrine of

11  Setoff and Recoupment.

12           WHEREFORE, ASM prays for judgment as follows:

13           1.     That plaintiff take nothing by virtue of this suit on file herein and that

14  judgment be entered in favor of ASM;

15           2.     For reimbursement of maintenance and cure payments made;

16           3.     For costs of suit and attorney's fees incurred;

17           4.     For such and other further relief as the court may deem just and equitable.

18  DATED:  October 1, 2007

19

20                                      LAW OFFICE OF DENISE SAVOIE BLOCKER

21

22                                      By: _____

23                                           DENISE SAVOIE BLOCKER
                                             Attorneys for Defendant
24                                           AMERICAN SHIP MANAGEMENT, LLC

25

26

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT
No. C-07-4345 JCS
6

1

<u>JURY TRIAL DEMAND</u>

2

3    Defendant ASM demands trial by jury.

4

5    Dated: October 1, 2007                      LAW OFFICE OF DENISE SAVOIE BLOCKER

6

7                                               By_____
                                                   DENISE SAVOIE BLOCKER
8                                                  Attorneys for Defendants American Ship Management,
                                                   LLC
9

10        ASM'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

11

12           Pursuant to Civil L.R. 3-16, and on behalf of Defendant ASM, the undersigned

13    certifies that the following listed persons, associations of persons, firms, partnerships,

14    corporations (including parent corporations) or other entities (i) have a financial interest in the

15    subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest

16    in that subject matter or in a party that could be substantially affected by the outcome of this

17    proceeding:

18           Patriot Holdings, LLC, parent company of American Ship Management, LLC;

19           APL, Ltd., the owner of the PRESIDENT GRANT;

20           American Maritime, Limited, as operations manager and claims agents for the

21    PRESIDENT GRANT.

22    Dated: October 1, 2007                      LAW OFFICE OF DENISE SAVOIE BLOCKER

23

24

25                                              By_____
                                                   DENISE SAVOIE BLOCKER
                                                   Attorneys for Defendants American Ship Management,
26                                                 LLC

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT
No. C-07-4345 JCS
7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>PROOF OF SERVICE</u>

I am over 18 years of age, not a party to this action and employed in Portola Valley, California at 150 Willowbrook Drive, Portola Valley, California 94028.  I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.  I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Today I served the attached:

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT

by causing a true and correct copy of the above to be placed in the United States Mail at Portola Valley, California in sealed envelope(s) with postage prepaid, addressed as follows:

Law Offices of John J. Hughes
John J. Hughes, Esq.
Number One Cathedral Hill Tower
1200 Gough Street
San Francisco, CA  94109

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 1, 2007.

_____
Denise Savoie Blocker

ANSWER OF DEFENDANT AMERICAN SHIP MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT
No. C-07-4345 JCS
8